UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21064-CV-SCOLA
MAGISTRATE JUDGE REID

CARLOS VILLAVICENCIO,

    Petitioner,

v.

MARK INCH,

    Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Petitioner's *pro se* Petition under 28 U.S.C. § 2254 challenging the convictions and sentences imposed in Case No. F87-3951 in the State Circuit Court in and for Miami-Dade County, Florida. [ECF No. 1].[1]

This Cause has been referred to the Undersigned for consideration and report on dispositive matters pursuant to S.D. Fla. 2019-2. [ECF No. 2]. As set forth below, the Petition is an unauthorized second or successive Petition and, therefore, should be dismissed for lack of jurisdiction.

---

[1] Citations to "ECF" refer to docket entries in this case. In contrast, citations to "CV1 ECF" refer to docket entries in Case No. 00-01359-CV-MORENO.

## II. Factual and Procedural History

Petitioner was convicted of two counts of first-degree murder and sentenced to two consecutive life sentences. [CV1 ECF No. 13 at 10-15]. Although Petitioner appealed, the Florida Third District Court of Appeal affirmed without written opinion. *See Villavicencio v. State*, 634 So. 2d 636 (Fla. 3d DCA 1994).

In 2000, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the underlying conviction previously mentioned. [CV1 ECF No. 1]. The Court adopted the report of a Magistrate Judge, recommending that the petition be denied. [CV1 ECF No. 34] (adopting [CV1 ECF No. 33]).

Petitioner appealed. [CV1 ECF No. 38]. The U.S. Court of Appeals for the Eleventh Circuit affirmed the Court's judgment. [CV1 ECF No. 45]; *see also Villavicencio v. Sec'y, Fla. Dep't of Corr.*, 52 F. App'x 492 (11th Cir. 2002).

The instant Petition challenges the same underlying conviction previously challenged in 2000, Case No. F87-3951 entered in the State Circuit Court in and for Miami-Dade County, Florida. State court records do not show Petitioner's convictions have been vacated or that his sentences have been modified.

## III.   Discussion

A "second or successive" habeas petition must be authorized by the appropriate U.S. Court of Appeals, and unauthorized successive petitions must be dismissed for lack of jurisdiction when filed in the district court. *See Burton v.*

*Stewart*, 549 U.S. 147, 157 (2007) ("[Petitioner] neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (construing a petition for a writ of audita querela as a successive motion in a § 2255 context).

"The phrase 'second or successive' is not self-defining," however. *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007). In *Panetti*, the Supreme Court of the United States concluded that a second-in-time habeas petition under 28 U.S.C.§ 2254 did not fit the definition of "second or successive" as that gatekeeping mechanism is understood. *See Scott v. United States*, 890 F. 3d 1239, 1248 (11th Cir. 2018) (discussing *Panetti*, 551 U.S. at 947).

For instance, "second or successive status only attaches to a judgment on the merits." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) (citing, *inter alia*, *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)). Furthermore, a "vacatur-based claim [that] did not exist until after the proceedings on [the] initial § [2254] motion concluded[]" is not subject to "second or successive" restrictions. *Boyd*, 754 F.3d at 1302. Similarly, where a "resentencing [leads] to a new judgment, [a subsequent § 2254 petition or § 2255 motion] challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Magwood v. Patterson*,

561 U.S. 320, 331 (2010). Likewise, "when [a subsequent § 2254] petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam); *but cf. Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc) (distinguishing *Insignares*).

Lastly, if a claim—by its nature—unusually became ripe years after direct or collateral review, the claim might not be "second or successive" in a second-in-time motion to vacate or habeas petition. *See Scott v. United States*, 890 F.3d 1239, 1256 (11th Cir. 2018); *see also Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009).

To illustrate, in *Panetti*, a *Ford*[2] competency-to-be-executed claim was not successive within a second-in-time habeas corpus petition because the claim was filed as soon as the claim became ripe. *Tompkins*, 557 F.3d at, 1259-60 (discussing *Panetti*, 551 U.S. at 943-47). For this doctrine to apply, the habeas litigant must also have lacked a fair opportunity to raise the legal issue for lack of ripeness. *Scott*, 890 F.3d at 1249 (citing *Magwood v. Patterson*, 561 U.S. 320, 345 (2010) (Kennedy, J. dissenting)).

---

[2] *Ford v. Wainwright*, 477 U.S. 399 (1986).

4

Petitioner's initial habeas petition was denied on the merits. Because the previous habeas petition challenged the same underlying judgment at issue in this case, the Petition facially appears to be "second or successive." *See Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985-86 (11th Cir. 2018) (citing *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014)).

Petitioner does not allege that he has applied for and obtained the necessary authorization from the Eleventh Circuit. Further, a search of the Public Access to Court Electronic Records ("PACER") website does not show that he has been authorized to file this Petition attacking the same conviction that he already attacked in his prior § 2254 action.

More importantly, Petitioner has not adequately alleged, and the record does not reflect, that any of the above exceptions to the general bar on successive filings applies here. Petitioner, therefore, filed a "second or successive" petition without the necessary authorization from the Eleventh Circuit. Without authorization, the Court should dismiss the Petition for lack of jurisdiction.

### IV. Conclusions and Recommendations

As discussed above, it is recommended that the Petition [ECF No. 1] be **DISMISSED for lack of jurisdiction**. It is further recommended that a certificate of appealability not issue. Accordingly, this case should be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar Movant from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED 30th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Carlos Villavicencio
      401897
      Northwest Florida Reception Center
      Inmate Mail/Parcels
      4455 Sam Mitchell Drive
      Chipley, FL 32428
      PRO SE

      Noticing 2254 SAG Miami-Dade/Monroe
      Email: CrimAppMIA@MyFloridaLegal.com