United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carlos Villavicencio, Petitioner ) | |
| ) | |
| v.  ) | |
| ) | Civil Action No. 20-21064-Civ-Scola |
| ) | |
| Mark Inch, Florida Department of  ) | |
| Corrections Secretary, Respondent. ) | |

### Order Adopting Magistrate Judge's Recommendation

This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-2 of this Court, for a ruling on all pre-trial, nondispositive matters and for a Report and Recommendation on any dispositive matters. Judge Reid issued a report, recommending that the petition for writ of habeas corpus be denied and that the case be dismissed for lack of jurisdiction as an unauthorized second or successive petition. (Rep. & Rec., ECF No. 5.) Petitioner Carlos Villavicencio has timely objected to the report, after being granted an extension. (Pet'r's Objs., ECF No. 8.) After a de novo review, the Court **adopts** Judge Reid's recommendation (**ECF No. 5**) that this case be dismissed.

As Judge Reid notes, Villavicencio previously challenged, in this Court in 2000, his state-court conviction for two counts of first-degree murder, for which he was sentenced to two consecutive life sentences. The district court's denial of his first petition for habeas relief, under 28 U.S.C. § 2254, was affirmed by the Eleventh Circuit in 2002. *Villavicencio v. Sec. Dept. of Corr.*, 52 F. App'x 492 (11th Cir. 2002). Villavicencio's current petition challenges the same underlying convictions that he previously challenged. Villavicencio's reliance, in his objections, on *Lindh v. Murphy*, 521 U.S. 320 (1997), for the proposition that the Antiterrorism and Effective Death Penalty Act of 1996 does not apply to his case is misplaced: his first application for habeas relief was filed in 2000, after the enactment of the AEDPA. Since Villavicencio has not received authorization from the Eleventh Circuit to file this second petition, and it is not subject to any exception to the bar on successive filings, the Court is without jurisdiction to consider it. *Tompkins v. Sec'y, Dept. of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009) (holding absent an authorizing order, the Court has no subject-matter jurisdiction to entertain a second or successive petition).

The Court thus **affirms and adopts** Judge Reid's recommendation of dismissal for lack of jurisdiction (**ECF No. 5**). The Court **denies** Villavicencio's

petition (**ECF No. 1**), **overrules** his objections (**ECF No. 8**), and **dismisses** this case.

The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on July 23, 2020.

_____
Robert N. Scola, Jr.
United States District Judge